# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

**BAILEY WALLACE**                                                    **PLAINTIFF**

**v.**                           **NO. 1:23-CV-00041**

**TOTALCARE COMPREHENSIVE HOME
HEALTH SUPPLY, LTD.
d/b/a TOTAL CARE COMPREHENSIVE HOME
d/b/a TOTAL CARE HOME MEDICAL;
JEANICKA WILLIAMS and VUONG NGUYEN**
                                                                     **DEFENDANTS**

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, Wallace, Martin, Duke & Russell, PLLC, and for Plaintiff's Complaint, Plaintiff states:

## PARTIES AND JURISDICTION

1. Plaintiff Bailey Wallace ("Wallace") is a resident and citizen of Bryan County, Oklahoma who previously worked for Defendants in Smith County, Texas. Defendants TotalCare Comprehensive Home Health Supply, Ltd. d/b/a Total Care Comprehensive Home d/b/a Total Care Home Medical (hereafter collectively "Total Care") is a domestic for-profit corporation with regard to the State of Texas that is authorized to do business in the State of Texas. Upon information and belief, Defendants Jeanicka Williams ("Williams") and Vuong Nguyen ("Nguyen") is a citizen of the State of Texas within the jurisdiction of this Court.

2. This is an action brought under the following laws: the Civil Rights Act of 1964 ("Title VII") for sex discrimination and retaliation; and for promissory estoppel.

1

3. Plaintiff timely filed a Charge of Discrimination and now brings this present case based upon receipt of a Right to Sue Letter. Accordingly, this Court has federal question subject matter jurisdiction under 28 U.S.C. 1331. Since the acts giving rise to this present cause of action all occurred within the jurisdiction of this Court, venue is proper under 28 U.S.C. 1391(b). Further, this Court has supplemental jurisdiction over Texas State Law claims under 28 U.S.C. 1367.

**GENERAL ALLEGATIONS OF FACT**

4. Wallace began working for Total Care on or about April 1, 2021.

5. At all times during Wallace's employment with Total Care, Wallace performed Wallace's job duties satisfactorily.

6. Wallace never voluntarily resigned from Total Care.

7. During Wallace's tenure with Total Care, Wallace worked for Total Care at Total Care's location at 401 East Front Street, Suite 224, Tyler, Texas 75702 ("Tyler Location").

8. Wallace initially worked as a Sales Representative for Total Care at their Tyler Location.

9. At all times during Wallace's employment with Total Care, Nguyen was Wallace's direct supervisor.

10. At all times during Wallace's employment with Total Care, Williams served as the corporate Human Resources Manager for Total Care to whom Wallace was expected to report all violations of company employment policies.

11. Because of Nguyen's position, all claims of violations of company employment policies of Total Care at the Tyler Location were also expected to be communicated directly to Nguyen by Williams or by the person making the claim of a violation.

12. Because of Williams' position, all claims of violations of the purported employment policies of Total Care that became known to Williams were to be investigated directly by Williams at the direction of Total Care.

13. Nguyen was the Territory Manager for Total Care at the Tyler Location and personally managed Wallace.

14. Shortly after beginning work for Total Care, Nguyen expressed a sexual interest in Wallace and asked Wallace to begin seeing him socially outside of work.

15. Nguyen and Wallace dated until approximately early November 2021 when Wallace told Nguyen that the relationship was ending but that Wallace wished to continue working for Total Care.

16. Nguyen refused to accept that the relationship had ended and continued requesting dates and even directly requesting sexual intercourse with Wallace up until Total Care's Christmas party in December 2021.

17. During this entire time, Wallace repeatedly told Nguyen that Wallace did not want to date Nguyen and that Wallace was not interested in any sexual relationship with Nguyen yet Nguyen persisted.

18. In an attempt to avoid termination by Nguyen, Wallace did not initially report these acts of sexual harassment to Williams in hopes that Nguyen would eventually stop these demands.

19. During Total Care's Christmas party in December 2021, Nguyen attempted to engage in sexual activity with Wallace.

20. Wallace repeatedly told Nguyen not to touch her and to get away from her, but Nguyen forced himself upon Wallace and assaulted her.

21. During this Christmas party, Nguyen forcefully grabbed Wallace numerous times including around Wallace's buttocks and legs.

22. Further, Nguyen repeated attempted to force Wallace to kiss him while grabbing her.

23. Wallace was able to escape Nguyen at the party only after frustrating Nguyen to the point that Nguyen threw a drink at Wallace soaking her outfit, hitting Wallace in the chest with the empty cup, and then attempting to physically jump on Wallace as she attempted to clean herself up.

24. On the next business day Wallace reported Nguyen's assault to Williams along with all the sexual harassment that had been going on before the incident.

25. There is no evidence to suggest that Williams or anyone else at Total Care ever investigated the assault of Wallace by Nguyen or the claims of sexual harassment of Wallace by Nguyen.

26. Williams allowed Nguyen to remain as Wallace's supervisor during the course of a purported investigation.

27. Nguyen continued to sexually harass Wallace throughout January and February of 2022 with reports of this continuing harassment being reported to Williams by Wallace.

28. Again, neither Williams nor anyone else at Total Care took any actions against Nguyen for these complaints and allowed Nguyen to continue to be Wallace's direct supervisor.

29. In March 2022, Williams placed Wallace on a Performance Improvement Plan ("PIP") after Williams informed Nguyen and the co-owners of Wallace's ongoing reports against Nguyen.

30. Upon information and belief, Nguyen requested that Wallace be place on the PIP by Williams even though Williams knew Wallace had made complaints and continued to make complaints against Nguyen.

31. By allowing this to occur, Williams openly violated the Total Care Employee Handbook with regard to retaliation against those making reports of sexual harassment.

32. At all times, Total Care was aware of the actions and inactions of Williams with regard to Wallace and ratified them.

33. At all times Total Care was aware of the actions of Nguyen with regard to Wallace and ratified them.

34. When Wallace complained to Williams that the PIP was in retaliation for making the initial claims against Nguyen, Williams completely ignored Wallace's complaints.

35. By March 28, 2022, it had become futile for Wallace to make any further complaints to anyone at Total Care as Williams had now become an active participant in the harassment and retaliation against Wallace for making the complaints against Nguyen.

36. As a result of this, Wallace was left with a choice of either continuing to work at Total Care and be subjected to unabated sexual harassment by Nguyen and possibly further assault or resign her position.

37. Because of the actions and inactions of Williams as ratified by Total Care, Wallace remained in fear that Nguyen may again assault Wallace without fear of any ramifications from Total Care.

38. At no time was Nguyen ever punished for sexual harassment or assault of Wallace by any one at Total Care.

39. At no time was Williams ever punished for enabling sexual harassment of Wallace or for participating in the ongoing harassment and retaliation against Wallace.

40. Retaliating against an employee for complaining about sexual discrimination is a violation of Total Care's purported employment policy documents.

41. Assaulting an employee in the workplace is a violation of Total Care's purported employment policy documents.

42. Failing to properly investigate claims of sexual harassment, assault, and retaliation is a violation of Total Care's purported employment policy documents.

43. With full knowledge of Nguyen's actions, Total Care took no steps to correct these violations of Total Care's purported employee policy documents or to address the discrimination, harassment, retaliation, and assault of Wallace by Nguyen.

44. With full knowledge of Williams' actions and inactions, Total Care took no steps to correct these violations of Total Care's purported employee policy documents or to address the discrimination, harassment, and retaliation against Wallace by Williams.

45. Total Care's ratification of the actions leading to the constructive discharge of Wallace is a blatant violation of Total Care's purported employment policy documents regarding retaliation for reporting sexual harassment and assault.

46. Upon information and belief, other similarly situated employees of Total Care who have not complained about sex discrimination at Total Care and who have committed more serious infractions than those Total Care accused Wallace of committing have been allowed to continue their employment with Total Care.

47. Upon information and belief, other similarly situated employees of Total Care who have not complained about sexual harassment at Total Care and who have committed more serious infractions than those Total Care accused Wallace of committing have been allowed to continue their employment with Total Care.

48. Upon information and belief, other similarly situated employees of Total Care who have not complained about retaliation at Total Care and who have committed more serious infractions than those Total Care accused Wallace of committing have been allowed to continue their employment with Total Care.

49. Upon information and belief, other similarly situated employees of Total Care who have not complained about assault at Total Care and who have committed more serious infractions than those Total Care accused Wallace of committing have been allowed to continue their employment with Total Care.

50. Wallace timely filed Charges of Discrimination with the appropriate agency.

51. Wallace now timely brings this cause of action within 90 days after receipt of Plaintiff's Right to Sue Letter.

## COUNT I – DISCRIMINATION AND RETALIATION UNDER TITLE VII AGAINST TOTAL CARE

52. Plaintiff re-alleges the foregoing as if fully set out herein.

53. Wallace has a clearly established right to be free from sex discrimination under the Constitution of the United States, under federal law, and under Texas state law.

54. Wallace brings this action under Title VII for violations of sex discrimination, harassment, and retaliation related to complaints of such harassment by Total Care and its agents.

55. Total Care has retaliated against Wallace for Wallace's complaints concerning sex discrimination, harassment, assault, and retaliation.

56. As a direct and proximate cause of Total Care's actions and inactions as alleged herein, Wallace has lost wages, lost fringe benefits, and suffered both severe mental and emotional distress in an amount to be proven at trial.

57. Total Care's actions have been so egregious so as to warrant the imposition of punitive damages.

## **COUNT II – CIVIL ASSAULT AGAINST NGUYEN**

58. Plaintiff re-alleges the foregoing as if fully set out herein.

59. During the course of Total Care's Christmas party in December 2021, Nguyen did intentionally threaten to physically harm Wallace and did in fact intentionally touch and harm Wallace after making such threats.

60. This physical attack by Nguyen continues to haunt Wallace and cause Wallace ongoing mental anguish.

61. As a result of the actions of Nguyen, Wallace has been damaged and continues to be damaged even though such damages are not presently ascertainable as this action continues to progress forward with these damages including but not necessarily limited to mental anguish damages, court costs, and fees.

62. Nguyen's conduct was in willful, intentional, and knowing violation of the law, and thus so egregious as to warrant the imposition of punitive damages.

**COUNT III – PROMISSORY ESTOPPEL AGAINST ALL DEFENDANTS**

63. Plaintiff re-alleges the foregoing as if fully set out herein.

64. Defendants provided Wallace with purported employee policy documents that included internal processes by which employees could report discrimination, harassment, and retaliation based on sex.

65. Wallace was constructively discharged for reporting sexual discrimination, harassment, and retaliation to Nguyen in violation of Nguyen's purported employee policy documents and processes.

66. Wallace was constructively discharged for reporting discrimination, harassment, and retaliation to Williams in violation of Total Care's purported employee policy documents and processes.

67. Via Nguyen and Williams, Wallace was constructively discharged for reporting discrimination, harassment, and retaliation to Total Care in violation of Total Care's employee policy documents and processes.

68. As outlined in Total Care's employee policy documents, Total Care specifically guaranteed Wallace protection from discrimination, harassment, and retaliation based on sex by Total Care and Total Care's employees.

69. Wallace reasonably regarded the procedures as outlined in Defendants' purported employee policy documents as a promise to abide by state law, federal law, and Defendants' own internal procedures regarding Title VII of the Civil Rights Act.

70. Defendants intended for Wallace to regard Defendants' purported policy documents as a promise that Defendants would abide by the procedures for reporting discrimination, harassment, and retaliation under Title VII of the Civil Rights Act.

71. Defendants intended for Wallace to regard Defendants' purported employee policy documents as a promise that Defendants would provide fair treatment to Wallace with regard to reports of discrimination, harassment, and retaliation under Title VII of the Civil Rights Act as outlined in Defendants' purported employee policy documents.

72. Wallace did, in fact, reasonably rely upon Defendants' promises to abide by its own procedures as outlined in Defendants' purported employee policy documents.

73. Defendants failed to abide by Defendants' own procedures as outlined in Defendants' purported employee policy documents regarding discrimination, harassment, and retaliation under Title VII of the Civil Rights Act.

74. Defendants failed to provide fair treatment to Wallace with regard to sex under Title VII of the Civil Rights Act.

75. Further, there is no evidence that Williams ever investigated any of the claims made to Williams by Wallace prior to Defendants constructively discharging Wallace.

76. Due to Wallace's reliance on Defendants' promise to abide by the procedures as outlined in Defendants' purported employee policy documents, Wallace has experienced an injustice in the form of Wallace's constructive discharge and has been damaged.

77. As a direct and proximate cause of Defendants acts and omissions alleged herein, Wallace has lost wages, lost fringe benefits, lost earning capacity, and incurred other damages in an amount to be proven at trial.

78. Defendants' actions have been willful, such that Wallace is entitled to an award of liquidated and punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory damages exceeding $75,000, for reasonable attorneys' fees, for costs, for a trial by jury, and for all other proper relief.

Respectfully submitted,

WALLACE, MARTIN, DUKE & RUSSELL, PLLC
3800 North Lamar
Suite 200
Austin, Texas 78756
(512) 522-4957
(512) 522-4957 FAX

By: _____/s/ James Monroe Scurlock_____
James Monroe Scurlock, TBR 24077350
jms@wallacelawfirm.com